UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID L. BARRETT,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 3:16-CV-05394-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 6.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to find Plaintiff's sleep apnea to be a severe impairment at Step Two of the sequential evaluation. The ALJ also erred by failing to properly evaluate the opinion of an

examining physician. Therefore, this matter is reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

**PROCEDURAL& FACTUAL HISTORY**

On May 13, 2013, Plaintiff filed applications for DIB and SSI. *See* Dkt. 11, Administrative Record ("AR") 253-263. Plaintiff alleges he became disabled on May 30, 2009, due to back pain and a learning disorder. *See* AR 253, 296. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *See* AR 113-14, 143-44. A hearing was held before an ALJ on October 29, 2014, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 74.

On December 24, 2014, the ALJ found Plaintiff was not disabled within the meaning of Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. AR 64. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 20, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On May 24, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ: 1) failed to find Plaintiff's obstructive sleep apnea to be a severe impairment at Step Two of the sequential evaluation; 2) improperly evaluated the opinion of an examining physician; 3) improperly discounted the testimony of a lay witness; 4) failed to offer clear and convincing reasons for discounting Plaintiff's subjective symptom testimony; and 5) failed to properly evaluate whether Plaintiff could perform other work existing in significant numbers in the national economy. Dkt. 17, pp. 1-2.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

**DISCUSSION**

I.   Whether the ALJ Erred by Failing to Consider Plaintiff's Obstructive Sleep Apnea to be a Severe Impairment at Step Two of the Sequential Evaluation.

At Step Two of the sequential evaluation, the ALJ must determine if a claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2015) . *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (internal citation omitted). Impairments must result "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908 (2010). A medically determinable impairment is considered "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(a)(4)(iii) & (c), 416.920(a)(4)(iii) & (c); *see also* SSR 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding

appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

Defendant concedes the ALJ failed to consider Plaintiff's obstructive sleep apnea to be a severe impairment—or even a medically determinable impairment—at Step Two of the sequential evaluation. Dkt. 18, pp. 2-3. However, Defendant argues any such error was harmless, as the ALJ resolved Step Two in Plaintiff's favor, and proceeded on through the other steps of the sequential evaluation. *Id.*

An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Thus, if a claimant prevails at Step Two and the ALJ considers all impairments—regardless of severity—in the subsequent steps, an ALJ's failure to consider an impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). *See also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), *Garcia v. Commissioner of Soc. Sec.*, 587 Fed.Appx. 367, 370 (9th Cir. 2014).

Here, however, the ALJ failed to consider sleep apnea in the subsequent steps of the sequential evaluation. Indeed, despite the fact Plaintiff testified to impairments due to sleep apnea during the hearing, and the medical records include detailed evaluations of Plaintiff's sleep apnea, the ALJ fails to mention sleep apnea at all in the written decision. AR 52-64, 87-88, 411-12. Further, the fact the ALJ restricted Plaintiff to light work in the RFC does not necessarily mean the ALJ has adequately addressed Plaintiff's obstructive sleep apnea. Plaintiff's sleep apnea causes "severe sleep disruption due to respiratory arousals with periodic limb movements." AR 412. Plaintiff testified to reduced sleep (four to six hours per night), a recurring

1  need to take naps throughout the day, and only limited relief from his BiPAP device. AR 87-88.
2  While a restriction to light work might very well address many of the limitations associated with
3  reduced sleep, the two concepts are not coterminous; the ALJ was required to consider the
4  potential effects of Plaintiff's fatigue on his residual functional capacity. *See Reddick v. Chater*,
5  157 F.3d 715, 724 (9th Cir. 1998) (noting the ALJ erred by failing to consider the impact of
6  Plaintiff's chronic fatigue syndrome on his residual functional capacity, despite the fact the ALJ
7  limited Plaintiff to light work due to orthopedic issues).

8        Because the ALJ failed to consider Plaintiff's obstructive sleep apnea to be a severe
9  impairment at Step Two of the sequential evaluation, the ALJ committed harmful error requiring
10 remand.

11     II.    <u>Whether the ALJ Properly Evaluated the Medical Opinion Evidence.</u>

12         **A.  Standard**

13       The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted
14 opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d
15 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v.*
16 *Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an
17 examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must
18 set forth specific, *legitimate* reasons that are supported by substantial evidence in the record."
19 *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ
20 can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting
21 clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157
22 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must
23 explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*,
24

157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

### B. Application of Standard

Dr. Mark Heilbrunn, M.D. conducted a physical examination of Plaintiff on July 15, 2013. AR 373. On examination, Dr. Heilbrunn noted Plaintiff had a wide-based and short-strided gait, lumbar midline and paraspinous tenderness with radiating pain. AR 376. Dr. Heilbrunn noted Plaintiff had a positive straight leg raise test in a supine position, and noted positive lordosis. AR 376. Dr. Heilbrunn also documented bilateral tenderness over Plaintiff's lateral epicondyles, and noted positive Tinel's, Phalen's and Finkelstein's tests. AR 376. Plaintiff presented with reduced grip strength bilaterally, and decreased sensation in the median nerve distribution of his palms. AR 377. Finally, Dr. Heilbrunn documented reduced range of motion in Plaintiff's back and hips. AR 377.

Dr. Heilbrunn diagnosed Plaintiff with lumbar degenerative disc disease, bilateral carpal tunnel syndrome, obesity, and partial sacralization and spina bifida of L6, among other impairments. AR 378. As a result of these impairments, Dr. Heilbrunn opined Plaintiff would have reduced range of motion in his lower back, would be unable to stoop, would potentially have some limitations in handling, fingering, and feeling, would be able to lift and carry up to 20 pounds on an occasional basis, could sit no more than four to five hours in an eight-hour work day, could stand and/or walk no more than 15 minutes at a time, and for no more than three to four hours in an eight-hour workday, and would have limited use of his forearms. AR 378-79.

The ALJ noted Dr. Heilbrunn's evaluation was consistent with Dr. Heibrunn's findings and gave it some, but not full, weight. AR 62. However, the ALJ did not meaningfully articulate *why* she declined to give Dr. Heilbrunn's opinion less than full weight. The only explanation the ALJ offered was the following:

> The claimant's most recent evaluation revealed good strength, good range of motion, no trouble with ambulation, and moderate pain relief with over-the-counter medication [AR 512-15]. The claimant also did not report any carpal tunnel symptoms.

AR 62. This does not constitute a specific and legitimate reason for giving less than full weight to the opinion of an examining physician. The ALJ must explain why his opinion, rather than the doctors, is correct, and he must do so by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. The ALJ's summary of a subsequent medical report, without any explanation as to why this subsequent evidence warrants giving Dr. Heilbrunn's opinion less than full weight, fails to meet this standard.[1] Indeed, the ALJ's failure to articulate her reasoning frustrates this Court's ability to perform meaningful judicial review. *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

Defendant also argues the ALJ offered the competing opinion of the non-examining state agency medical consultant, Dr. Robert Bernadez-Fu, M.D., as evidence which was inconsistent with Dr. Heilbrunn's opinion. However, the ALJ did not cite to Dr. Bernadez-Fu's opinion as a basis for giving Dr. Heilbrunn's opinion less than full weight. *See* AR 62. This Court will not

---

[1] To the extent this subsequent medical record bears any relevance to Dr. Heilbrunn's opinion, the Court notes the ALJ's summary of the record is not entirely accurate. The treatment notes the AJL references actually document reduced range of motion and diminished sensation in Plaintiff's lower back and groin. AR 511-16. The treatment notes also reflect Plaintiff has been referred to a neurosurgeon for epidural steroid injections. AR 511.

1  engage in a *post-hoc* rationalization in order to intuit what the ALJ might have been thinking
2  when she declined to give full weight to Dr. Heilbrunn's opinion. *See Bray v. Comm'r, Soc. Sec.*
3  *Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

4  Because the ALJ failed to articulate a specific and legitimate reason, supported by
5  substantial evidence, for giving less than full weight to Dr. Heilbrunn's opinion, the ALJ erred.
6  Plaintiff argues Dr. Heilbrunn's opinion should be credited as true on remand. However, Plaintiff
7  has not demonstrated Dr. Heilbrunn's opinion is uncontradicted, only that the ALJ failed to offer
8  specific and legitimate reasons to discount Dr. Heilbrunn's opinion. While the existence of Dr.
9  Bernadez-Fu's opinion is not, by itself, substantial evidence to discount Dr. Heilbrunn's opinion,
10 the Court notes it conflicts with the more restrictive opinion of Dr. Heilbrunn. The ALJ is
11 responsible for resolving conflicts and ambiguities in the medical evidence, not the Court. *See*
12 *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) Thus, the ALJ should
13 reevaluate Dr. Heilbrunn's opinion on remand.

14  III.  Other Assignments of Error.

15  In addition to the foregoing, Plaintiff also argues the ALJ erred in evaluating the lay
16 witness testimony, in discounting Plaintiff's subjective symptom testimony, and in finding
17 Plaintiff was capable of performing other jobs existing in significant numbers in the national
18 economy. However, in light of the ALJ's error at Step Two and in evaluating the medical
19 opinion evidence, the ALJ will necessarily need to reconsider these findings on remand.

20  **CONCLUSION**

21  Based on the foregoing reasons, the Court finds the ALJ committed harmful error by
22 failing to consider Plaintiff's obstructive sleep apnea to be a severe medically determinable
23 impairment at Step Two, and by failing to properly evaluate Dr. Heilbrunn's opinion. Therefore,
24

the Court orders this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should evaluate whether Plaintiff has the severe impairment of obstructive sleep apnea, re-evaluate the medical opinion evidence, re-evaluate Plaintiff's subjective symptom testimony, re-evaluate Plaintiff's residual functional capacity, and proceed on to Step Four and/or Step Five of the sequential evaluation as appropriate. The ALJ should also develop the record as needed. Judgment should be for Plaintiff and the case should be closed.

Dated this 23rd day of December, 2016.

David W. Christel
United States Magistrate Judge